BRYAN, Justice
(concurring in overruling the application for rehearing and concurring in the result as to the opinion).
I concur to overrule the application for rehearing, and I concur in the result reached by the main opinion. I write specially to note that, because the main opinion is a plurality opinion, it is not binding precedent. I further note that § 6-5-701, Ala.Code 1975, which was enacted in 2012, clarifies the law in this area. Section 6-5-701 provides:
“A contractor is justified ordinarily in relying upon the specifications that are contained in the contract with an awarding authority. No contractor shall be held civilly liable for work performed on a highway, road, bridge, or street including repairs, construction, or maintenance on behalf of the awarding authority unless it is shown by a preponderance of the evidence that physical injury, property damage, or death is proximately caused by any of the following:
“(1) A failure by the contractor to follow the plans and specifications resulting in a dangerous condition.
“(2) The contractor’s performance of the contract in compliance with the plans and specifications creates a condition that should have appeared, to a reasonably prudent contractor, to be a dangerous condition.
*488 “(3) A latent defect which creates a dangerous condition that is the result of the work of the contractor.”
This statute, which was enacted during the pendency of this appeal, does not control this case. I simply note that it will control in future cases.